IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDEN JONES-HINDS, et al., } | |
| } | |
| Plaintiffs, } | |
| } | CIVIL ACTION NO. |
| v. } | 07-AR-1138-S |
| } | |
| SYNOVUS FINANCIAL CORP. OF } | |
| ALABAMA, et al., } | |
| } | |
| Defendants. } | |

**<u>MEMORANDUM OPINION</u>**

The court has before it the motion to dismiss of defendants Synovus Financial Corporation[1], First National Bank of Jasper ("First National"), Jack Allen, and Gwaltney McCollum, Jr. (collectively referred to hereinafter as "bank defendants") and of defendant Michael Edwards ("Edwards") for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Plaintiffs Eden Jones-Hinds ("Jones-Hinds") and Jane Doe ("Doe") attempt to state multiple claims against defendants. Jones-Hinds asserts against the bank defendants and Edwards a claim under the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute and state-law claims of outrage and breach of fiduciary duty. Although it is difficult to discern from the First Amended Complaint, it appears that Doe, who is the daughter of Jones-Hinds

---

[1] Plaintiffs' complaint makes claims against both Synovus Financial Corporation of Alabama and against Synovus Financial Corporation. Counsel for bank defendants has notified the court that, as a result of a merger, these two entities are now collectively known as "Synovus Financial Corporation," and the court will refer to it as such.

and Edwards, asserts claims of outrage against the bank defendants and Edwards and breach of fiduciary duty against Edwards. Based on the following discussion, all claims are due to be dismissed.

## FACTS

Jones-Hinds was married to Edwards, who was employed by First National. During the pendency of their marriage, Edwards pled guilty to third degree assault of Doe, and subsequently, Jones-Hinds sought a divorce. During the divorce proceedings, the presiding judge issued an asset-restraining order forbidding Edwards from distributing community property, including financial assets held at First National. Despite this order, the bank defendants enabled Edwards's access to and liquidation of some of these assets. The bank defendants also gave Edwards an unsecured line of credit to cover his legal fees. Jones-Hinds and Doe allege that the bank defendants and Edwards improperly influenced the judge in the divorce proceeding, resulting in Doe being placed in Edwards's custody.

## STANDARD OF REVIEW

Edwards and the bank defendants have filed motions to dismiss, arguing that Jones-Hinds's and Doe's claims are untimely and fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the court "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v.*

*Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citations omitted). Under the Supreme Court's recently articulated standard, to survive a 12(b)(6) motion, plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombley*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). To successfully state a claim and survive a 12(b)(6) motion, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face," and the facts "must be enough to raise a right to relief above the speculative level." *Id.*

## ANALYSIS[2]

### Jones-Hinds's Claims

**I.) Jones-Hinds's RICO claim fails because it is untimely and because it fails to state a claim upon which relief may be granted.**

    **A.) Jones-Hinds's RICO claim is due to be dismissed because it is time-barred.**

The Supreme Court has established a four-year statute of limitations for RICO claims. *See Rotella v. Wood*, 528 U.S. 549, 552 (2000); *Agency Holding Corp. v. Malley-Duff & Assocs.,* 483 U.S.

---

[2] Bank defendants and apparently Edwards argue that this court should consider Jones-Hinds's complaint to the Office of the Comptroller of Currency ("OCC") in determining that Jones-Hinds's and Doe's claims are untimely. The bank defendants cite authority for the proposition that this document and its contents may be considered in this court's 12(b)(6) analysis despite the fact that the plaintiffs did not attach it to the complaint. However, one can ascertain from the First Amended Complaint without reference to the OCC Complaint that all of the plaintiffs' claims are time-barred. Thus, it is unnecessary to reach the question of whether the OCC Complaint can be considered in this 12(b)(6) analysis.

143, 156 (1987). The Supreme Court has not definitively settled on a method for determining when this four year statute of limitations begins, *see Rotella*, 528 U.S. at 553-54, but it has approved the Eleventh Circuit's "injury discovery rule," which dictates that "unless tolled, the statute of limitations under RICO is four years from the date the plaintiff knew it was injured." *Pac. Harbor Capital, Inc. v. Barnett Bank*, 252 F.3d 1246, 1251 (11th Cir. 2001). Additionally, the Eleventh Circuit found that the fraudulent, concealed nature of RICO activity is not enough to toll the statute of limitations. *See id.* at 1251-52.

In making her RICO claim, Jones-Hinds alleges that the bank defendants and Edwards conspired in a scheme to "pervert Alabama's justice system" and "convert Plaintiff's financial assets." These injuries necessarily predated the issuance of Edwards and Jones-Hinds's divorce decree on December 23, 2002. The perversion of the Alabama justice system, if any, ostensibly entailed the bank defendants wrongfully influencing the judge assigned to the divorce proceeding and thus, had to have occurred prior to December 23, 2002. Additionally, Jones-Hinds alleges that the conversion of her financial assets was fraudulent due to the asset-restraining order in place during the pendency of the divorce proceedings. Therefore, any wrongful conversion of assets necessarily must have taken place prior to the December 2002 divorce decree. Jones-Hinds must or should have known that she had been injured by that date.

Because Jones-Hinds filed her RICO claim in this court on June 15, 2007, more than four years after the divorce decree was entered on December 23, 2002, Jones-Hinds's claim was filed outside of RICO's statute of limitations and is, therefore, untimely and due to be dismissed.

> **B.) Even if Jones-Hinds's RICO claim was timely filed, it still fails to state a claim and is due to be dismissed.**

Not only is Jones-Hinds's RICO claim time-barred, but it also has severe shortcomings that render a 12(b)(6) dismissal appropriate. Edwards and the bank defendants make several persuasive arguments as to why Jones-Hinds's RICO claim fails. For those reasons, among others discussed below, dismissal of the RICO claim is necessary.

> **1. Jones-Hinds's RICO claim fails to comply with RICO's basic pleading requirements and with Fed. R. Civ. P. 9(b)'s heightened pleading requirements.**

In making her RICO claim, Jones-Hinds is extremely vague, failing to give adequate notice of the nature of her claim both to the court and to the defendants. The Eleventh Circuit has stated, "[t]o state a claim under RICO a plaintiff must allege each of the following four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal punctuation omitted). More recently, the Eleventh Circuit has elaborated on these requirements and has stated, "[i]n order to survive a motion to dismiss in a civil RICO case, a

plaintiff must show a pattern of racketeering activity by alleging that the defendants committed two qualifying predicate acts. This requires that a plaintiff allege facts that support each statutory element of a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1)." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1087 (11th Cir. 2004)(internal punctuation omitted). Plaintiffs alleging fraudulent conduct as predicate acts within a RICO claim must make specific and precise allegations to come within the purview of the RICO statute and to satisfy Rule 9(b).

Jones-Hinds's complaint does not clearly indicate what predicate acts are involved in her RICO claim. She refers to the "federal mail system" but does not make any discernible allegation of mail fraud. This vague statement does not even begin to meet the mail fraud pleading requirements, *see Sikes v. Teleline*, 281 F.3d 1350, 1360-61 (11th Cir. 2002), so any RICO claim grounded in mail fraud racketeering activity necessarily fails.

Jones-Hinds also seems to indicate that bank fraud, 18 U.S.C. § 1344, constitutes a predicate racketeering activity for her RICO claim. Specifically, she alleges that Edwards forged her signature to gain control of her assets held with First National with the knowledge of the bank defendants. Rule 9(b) applies to this fraud allegation and requires that it be pled with particularity to "protect defendants against spurious charges of immoral and fraudulent behavior." *Durham*, 847 F.2d at 1511. Although plaintiffs may meet this heightened requirement via other means,

6

routinely "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity." *Id.* at 1512. Jones-Hinds has made a bare allegation that Edwards forged her signature and that the bank defendants knew about it. She has not specified which of the bank defendants knew about it, how they knew about it, the amount of money obtained, when the forgery occurred, or whether there was any concert of action between Edwards and any specific bank defendant. As another Alabama district court aptly stated, "plaintiff has failed to answer the who, when, where, how, and why with sufficient specificity as to the RICO claims alleged against the... defendants." *DePaola v. Nissan N. Am., Inc.*, 2006 WL 1181131, at *12 (M.D. Ala. May 2, 2006). Thus, because Jones-Hinds has failed to plead her claim with the requisite specificity, it is due to be dismissed.

> **2. Jones-Hinds's complaint also fails to substantively state a claim under the RICO statute.**

Edwards and the bank defendants argue that Jones-Hinds's complaint fails to meet RICO's requirements that the plaintiff establish a racketeering enterprise and a pattern of racketeering activity. While the court acknowledges that Jones-Hinds has not been specific as to which type of RICO enterprise is at issue here, Jones-Hinds's failure to establish a pattern of racketeering activity clearly results in her inability to state any type of RICO claim upon which relief may be granted.

7

The United States Supreme Court and the Eleventh Circuit both have long required RICO plaintiffs to establish a pattern of racketeering activity. The Supreme Court has stated that Congress, in establishing the "pattern" requirement of RICO claims, "intend[ed] a more stringent requirement than proof simply of two predicates... envisioning a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that were related and that amounted to, or threatened the likelihood of, continued criminal activity." *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 237 (1989). The Eleventh Circuit has elaborated, noting, "[t]he continuity element of a pattern of racketeering activity is crucial to a valid RICO claim in order to ensure that the crime alleged is the sort of offense that RICO is designed to address - one that is part of a pattern of ongoing, continuing criminality or that involves criminality that promises to continue into the future." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1265 (11th Cir. 2004).

The Eleventh Circuit has distinguished between closed-ended and open-ended continuity, defining closed-ended racketeering as many related events taking place over a period of time that has ended and open-ended as past related racketeering activity with a clear threat of repetition extending into the future. *Id.* at 1265 (citing *H.J. Inc.*, 492 U.S. at 241-42). Elaborating on closed-ended continuity cases, the Eleventh Circuit stated, "where RICO allegations concern only a single scheme with a discrete goal, the

8

courts have refused to find a closed-ended pattern of racketeering even when the scheme took place over longer periods of time." *Jackson*, 372 F.3d at 1267.

There is obviously no open-ended pattern of racketeering presented by these facts: Jones-Hinds and Edwards's divorce proceedings have ended, Edwards's employment with First National has been terminated, and Jones-Hinds has obtained custody of her daughter.  The threat that more racketeering activity will occur to achieve the enterprise's alleged goals of perverting Alabama's justice system and/or converting Jones-Hinds's financial assets is non-existent.

RICO allegations with a single scheme and goal are insufficient to constitute a closed-ended racketeering pattern. Here, the facts as alleged clearly indicate that any racketeering activity was solely designed to further Edwards's position in his divorce proceedings.  This discrete scheme with one goal is insufficient to establish a pattern of racketeering activity. Additionally, Jones-Hinds claims that Edwards, with the knowledge and approval of the bank defendants, accessed her safety deposit box twelve times within a three month period. However, the Supreme Court has stated that predicate acts extending over a few months with no threat of future harm are insufficient to qualify as a pattern of racketeering activity, and the Eleventh Circuit has specifically held that a mail fraud scheme lasting approximately six months was insufficient in duration to establish a closed-ended

period of racketeering activity.  *See Jackson*, 372 F.3d at 1266 (quoting *H.J. Inc.*, 492 U.S. at 242).  Based on this precedent, Jones-Hinds's facts do not establish a closed-ended period of racketeering activity.

### II.) Jones-Hinds's remaining state-law claims are due to be dismissed because this court has only pendent jurisdiction over them.

Jones-Hinds properly filed her RICO claim in this court based on this court's jurisdiction over federal question claims.  *See* 28 U.S.C. § 1331.  Along with her RICO claim, she filed state-law claims that are part of the same case and controversy, properly invoking this court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  However, as discussed above, Jones-Hinds's RICO claim must be dismissed, and this court is left with only her state-law claims.  For the reasons discussed below, these claims should also be dismissed.

Federal district courts have the discretion to retain jurisdiction over pendent state-law claims once a plaintiff's federal question claim has been dismissed.  The Eleventh Circuit has previously confronted a situation where a plaintiff's RICO claims were dismissed, leaving only state-law claims.  The court there stated, "[t]he decision to exercise supplemental jurisdiction over pendent state claims rests within the discretion of the district court... We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been

10

dismissed prior to trial." *Raney*, 370 F.3d at 1088-89 (internal citations omitted). This court chooses to follow the encouragement of the Eleventh Circuit to refrain from exercising jurisdiction over state-law claims that are best decided by state courts. Thus, this court declines to exert jurisdiction over Jones-Hinds's state-law outrage and breach of fiduciary duty claims, and as a result, they are due to be dismissed without prejudice.

**Doe's Claims**

Although it is difficult to discern from the complaint, it appears that Doe only claims outrage against the bank defendants and outrage and breach of fiduciary duty against Edwards. This court originally had jurisdiction over Doe's claims only because they formed part of the same case and controversy as Jones-Hinds's RICO claim. *See* 28 U.S.C. § 1367(a). However, as noted above, Jones-Hinds's RICO claim is due to be dismissed as untimely and for failure to state a claim. Therefore, this court has only supplemental jurisdiction over Doe's state-law claims.

As previously discussed, the Eleventh Circuit encourages district courts to elect not to exert this type of jurisdiction over remaining state-law claims because they are more properly addressed in state court. *See Raney*, 370 F.3d at 1088-89. As with Jones-Hinds's state-law claims, this court will also refrain from exercising jurisdiction over Doe's pendent state-law claims. Consequently, they are also due to be dismissed without prejudice.

**CONCLUSION**

Defendants' motions to dismiss are due to be granted because Jones-Hinds's RICO claim is time-barred and fails to satisfy both procedural and substantive requirements.  Without the RICO claim, all of Jones-Hinds's other claims and Doe's claims are due to be dismissed because this court has only supplemental jurisdiction over them and has elected not to exert it.  An appropriate separate order will be entered.

DONE this 31st day of October, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE